LyoN, Special J.
delivered the opinion of the Court.
This suit for a forcible and unlawful entry and de-tainer was commenced in August, 1845, by Thomas Harmon, and after a trial before the Justices of the Peace, was removed into the Circuit Court of Hawkins county by oerüora/ri. On the 29th September, 1847, and whilst the cause was still pending in the Circuit Court, the- death of Thomas Harmon was suggested, and at the succeeding January Term the death of Harmon was admitted, and a motion was then made to revive the suit in the name of his heirs, and a scire facias was directed to be issued to the defendant Burns, to appear and show cause, if he could, why the suit should not be revived in the name of the said heirs. At the January Term, 1848, of the Circuit Court, the defendant demurred to the scire facias, showing, among other causes of demurrer, that the suit could not be revived in the name of the heirs of Thomas Harmon. The cause was continued from Term to Term, until May, 1852, when the Circuit Judge sustained the demurrer, and gave judgment for abatement of the suit, from which the plaintiffs have appealed in error to this Court.
In the case of Havins vs. Beckford, 9 Hum., 673, decided at Jackson, in April, 1849, it was held by this Court, upon very satisfactory reasoning, that upon *37 tbe death, of either plaintiff or defendant in action of forcible or unlawful entry and detainer, there could be no revival of the suit either for or against the heirs or personal representatives of the parties litigant.
It is therefore not controverted that, at the time of the death of Thomas Harmon, this suit could not have been revived either by his personal or real representative. The decision in Havins vs. Beckford probably induced the passage of an Act of the Legislature, on 24th January, 1850, authorizing the revival of such suits in the name of the heirs or legal representatives of the decedent. The second section of this Act declares, “That this Act shall apply to all cases now pending, and which have not been abated by the order and judgment of the Court, where such suit may be pending.”
This case is clearly embraced in the provision of the Act, and if the second section is not in violation of the Constitution, then the Circuit Judge erred in pronouncing judgment of abatement. But we think that it is. The Act of 1842, ch. 86, under which these proceedings were instituted, not only gives to the plaintiff the possession of the premises for which he sues, if successful, but rent and damage also. The Act of 1850 necessarily bestows upon the persons in whose names such suits are revived, all the lights which are secured to parties under the Act of 1842, ch. 46. The heir or real representative of the plaintiff, if the suit is revived in his name, would therefore be entitled to recover rents and damages, and the personal representative, if revived in his name, possession of the- premises; rights to which they were not respectively entitled previous to the passage of the Act of 1850.. The Act *38 is therefore retroactive. in its operation, so far as it is sought to be applied to cases pending at the time of its passage, and is so far null and void.
Judgment is affirmed.